UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. GEERTS DBA MD GEERTS,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | No. 2:24-cv-02514-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Security National Insurance Company's ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 6.) Plaintiff Michael D. Geerts filed an opposition. (ECF No. 10.) Defendant filed a reply. (ECF No. 12.) For the reasons set forth below, Defendant's motion is GRANTED.

///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an insurance dispute.  Plaintiff, an excavation contractor, was sued in the matter of *Burke v. Realty Center Management Inc., et al.*, in Placer County Superior Court ("the Liability Action").  (ECF No. 9 at 6; ECF No. 1-1 at 14.)  In the Liability Action, the electrical subcontractor, Jared Burke ("Burke"), alleged he was injured on August 10, 2020, due to Plaintiff's alleged negligence.  (*Id.*)  At the time of the Burke's injury, Plaintiff was insured by a policy issued by Defendant — Policy No. NA102805308 ("the Policy").[1]  (ECF No. 1-1 at 14.)  Under the Policy's terms, Defendant agreed to "pay those sums if the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies.  [Defendant] will have the right and duty to defend the insured against any 'suit' seeking those damages[.]"  (ECF No. 8-1 at 14.)  The Policy also contained the following coverage exclusion related to earth movement:

> This insurance does not apply to and the [Defendant] shall have no duty to defend any claim or 'suit' seeking damages for 'bodily injury', . . . which was directly or indirectly, based upon or contributed to, in whole or in part, arising out of, resulting from, or in any matter related to 'earth movement' whether or not any such 'earth movement' is combined with any other causes.
>
> The term 'earth movement' includes, but is not limited to, earthquake, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding, vibrating or contracting of earth or soil, or any other movement of land, soil, or earth.

(*Id.*)

Plaintiff tendered the Liability Action to Defendant, which Defendant declined to defend based on the earth movement exclusion.  (ECF No. 9 at 6.)

---

[1]     The Court finds the Policy is incorporated by reference into the Complaint.  The doctrine of incorporation-by-reference "treats certain documents as though they are part of the complaint itself."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The doctrine applies to materials "submitted with and attached to the Complaint," and "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  Here, the Complaint refers to the Policy, the Policy is central to Plaintiff's claims, and no party questions the authenticity of the Policy.  Indeed, both parties refer to and cite to the Policy attached to Defendant's motion.

On July 24, 2024, Plaintiff brought a separate lawsuit in Placer County Superior Court against Defendant, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 1-1 at 13–22.) On September 16, 2024, Defendant removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) On December 17, 2024, Defendant filed the instant Motion for Judgment on the Pleadings. (ECF No. 6.)

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)" and the "'same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989)). Thus, to survive a motion for judgment on the pleadings, the pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion); *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (same); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, a motion for "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate, and "such a proceeding must properly be treated as a motion for summary

1    judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.
2    1989). A court may, however, "consider certain materials — documents attached to the
3    complaint, documents incorporated by reference in the complaint, or matters of judicial notice —
4    without converting the motion . . . into a motion for summary judgment." *United States v.*
5    *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

6        "Where a court grants a motion . . . for judgment on the pleadings under Rule 12(c), leave
7    to amend should be freely given if it is possible that further factual allegations will cure any
8    defect." *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013); *see*
9    *also Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (courts have
10   discretion to grant leave to amend instead of entry of judgment).

11   **III.    ANALYSIS**

12       Defendant moves for judgment on the pleadings on two grounds: (1) the Policy's earth
13   movement exclusion eliminates any possibility of coverage for the Liability Action and (2)
14   Plaintiff has not adequately plead the basis for recovery for his claims. (ECF No. 9.) Because the
15   Court concludes the Policy's earth movement exclusion precludes coverage, the Court does not
16   address whether Plaintiff has adequately plead the basis for recovery for his claims.

17           A.    <u>Request for Judicial Notice</u>

18       As a threshold matter, Defendant seeks judicial notice of the complaint filed in the
19   Liability Action. (ECF No. 7 at 2.) Defendant does not provide any argument as to why judicial
20   notice of the complaint in this circumstance would be appropriate. Instead, in its motion,
21   Defendant cites to an allegation in the complaint — that the plaintiff was "walking adjacent to a
22   ditch when it caved in causing him to fall and suffer a serious injury" — to argue that the
23   Liability Action was a result of earth movement, triggering the earth movement exclusion and
24   precluding coverage for the action under the Policy. (ECF No. 9 at 7–8.)

25       The Court may take judicial notice of facts that can be "accurately and readily determined
26   from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The
27   record of a state court proceeding is one such source. *NuCal Foods, Inc. v. Quality Egg LLC*, 887
28   F. Supp. 2d 977, 984 (E.D. Cal. 2012); *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132

1   (9th Cir. 2012).  The Court cannot accept the representations made in the state court documents as
2   true, but it may take judicial notice of the documents themselves and the fact that those
3   representations were made.  *NuCal Foods, Inc.*, 887 F. Supp. 2d at 984–85.

4   Here, while the Court may take judicial notice of the complaint and the fact that the
5   allegation was made, Defendant appears to ask the Court to accept the allegation as true, which
6   the Court cannot do.  As such, and because the Court has not relied on the document in its ruling,
7   Defendant's Request for Judicial Notice is DENIED.

8               B.      Earth Movement Exclusion

9   Defendant argues the Policy's earth movement exclusion eliminates any possibility of
10  coverage for the Liability action, which seeks damages for injuries that allegedly arose from a
11  ditch caving in.[2]  (ECF No. 9 at 11.)  Defendant asserts even Plaintiff's recasting of the Burke's
12  fall and injuries as involving just the "the soil at the top of the ditch slid[ing] out from under [the
13  plaintiff's] foot" triggers the exclusion.  (*Id.* at 13.)  Defendant contends so long as the plaintiff's
14  alleged injuries are incidentally related to "earth movement," however caused, no coverage exists,
15  and Plaintiff's claims fail as a matter of law.  (*Id.*)

16  In opposition, Plaintiff argues Defendant's interpretation and construction of the earth
17  movement exclusion is so broad that applying it would render the Policy's liability coverage
18  meaningless.  (ECF No. 10 at 5–8.)  Plaintiff further argues Defendant's interpretation of "earth
19  movement" — meaning "any" movement of earth — is inconsistent with the ordinary and
20  popular tense, particularly in the context of an excavation insurance policy.  (*Id.* at 8–12.)
21  Finally, Plaintiff contends the record before the Court does not include the circumstances and
22  details of the "earth movement" such that it could make a determination as a matter of law.  (*Id.* at
23  15.)

24  "Whether an insurer has a duty to defend 'depends, in the first instance, on a comparison

---

[2] In arguing so, Defendant primarily relies on the complaint in the Liability Action which "unambiguously alleges that [the plaintiff's] injuries occurred when a ditch 'caved in causing him to fall and suffer serious injury.'"  (*Id.* at 12.)  As previously explained, Defendant's Request for Judicial Notice of the complaint is DENIED.  As such, the complaint was not considered in deciding whether the defense of the Liability Action is barred by the earth movement exclusion.

between the allegations of the complaint and the terms of the policy. . . . [I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance.'" *Scottsdale Ins. Co. v. MV Transp.* 36 Cal. 4th 643, 654–655 (2005).

The Court finds on a comparison between the allegations of the Complaint and the terms of the Policy, there is no basis for potential coverage and the duty to defend does not arise. Specifically, Plaintiff alleges "[the plaintiff] was walking adjacent to a ditch, . . . when the soil at the top of the ditch slid out from under [the plaintiff's] foot, causing [him] to fall and be injured." (ECF No. 1-1 at 14.)  The Policy excludes coverage for bodily injury "which was directly or indirectly, based upon or contributed to in whole or in part, arising out of, resulting from, or in any matter related to 'earth movement'[.]"  (ECF No. 8-1 at 14.)  Further, the Policy defines "earth movement" as including "earthquake, landslide, subsidence, mud flow, sinkhole, erosion, or the sinking, rising, shifting, expanding, vibrating, or contracting of earth or soil, or any other movement of land, soil, or earth."  (*Id.*)  Due to the broad but clear language of the exclusion, no basis for potential coverage exists for an injury due to "soil slid[ing] out from under [the plaintiff]."

The Court is unpersuaded by Plaintiff's argument that the earth movement exclusion is so broad that applying it would render the Policy's liability coverage illusory.  As Defendant notes, the earth movement exclusion would not eliminate a wide range of potential claims caused by or resulting from excavation and grading work.  (ECF No. 12 at 4.)  In that way, the exclusion at issue here is different from the exclusion at issue in the case cited to and relied on by Plaintiff, *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758 (2001).  In *Safeco*, the Court determined an exclusion based on "illegal acts" rendered an insurance policy illusory because the definition of "illegal acts" was so broad as to cover any violation of any criminal or civil law, which would include negligent acts, and therefore, was invalid.  *Id.* at 764–765.  Here, the term "earth movement" does not encompass all possible negligent acts that could have occurred during Plaintiff's excavation and grading work.  Accordingly, the Court does not find that the earth movement exclusion renders the Policy illusory.

6

Based on the foregoing, Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail as a matter of law. However, the Court cannot determine at this juncture that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED with leave to amend.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED with leave to amend. Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendant shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint. If Plaintiff opts not to file an amended complaint, Clerk of the Court shall be directed to close the case.

IT IS SO ORDERED.

Date: September 9, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE