UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. GEERTS DBA MD
GEERTS,

Plaintiff,

v.

SECURITY NATIONAL INSURANCE
COMPANY,

Defendant.

No. 2:24-cv-02514-TLN-AC

**ORDER**

This matter is before the Court on Defendant Security National Insurance Company's ("Defendant") Bill of Costs.  (ECF No. 19.)  Plaintiff Michael D. Geerts ("Plaintiff") filed objections.  (ECF No. 20.)  For the reasons discussed below, Defendant's costs are GRANTED.

///

///

///

///

///

///

///

1

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an insurance dispute.  Plaintiff brought a lawsuit against Defendant in Placer County Superior Court, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  (ECF No. 1-1 at 13–22.)  Defendant then removed the action to this Court.  (ECF No. 1.)  Thereafter, on September 10, 2025, the Court granted Defendant's Motion for Judgment on the Pleadings with leave to amend.  (ECF No. 15.)  Plaintiff, however, elected not to amend his pleading and requested the Court enter a final judgment.  (ECF No. 16.)  Based on Plaintiff's request, the Court amended its Order granting Defendant's Motion for Judgment on the Pleadings to be with prejudice, dismissed all claims, and directed the Clerk of Court to enter a final judgment in favor of Defendant.  (ECF No. 17.)

On October 29, 2025, Defendant submitted the instant Bill of Costs.  (ECF No. 19.)  On October 31, 2025, Plaintiff filed objections.  (ECF No. 20.)

**II.      STANDARD OF LAW**

Under Rule 54(d)(1), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  The rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in the Eastern District, by Local Rule 292. *See* 28 U.S.C. § 1920; E.D. Cal. L.R. 292(f); *see also Crane-McNab v. Cty. of Merced*, No. 1:08-cv-1218-WBS-SMS, 2011 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920.").  28 U.S.C. § 1920 enumerates which fees and expenses a court may tax as costs.  Local Rule 292(a) prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920" and Local Rule 292(f) provides a list of specific fees and expenses that are taxable as costs.  E.D. Cal. L.R. 292(a), (f).  28 U.S.C. § 1920(4) provides that courts may tax as costs "[f]ees for exemplification and the costs of making copies of any

materials where the copies are necessarily obtained for use in the case." If the court declines to award costs, it must specify its reasons for doing so. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002).

### III.    ANALYSIS

Defendant seeks $868.45 in costs, consisting of $405.00 for the Clerk of Court fees and $463.45 for state court filing fees. (ECF No. 19.) Plaintiff objects to the fees incurred in Placer County Superior Court, arguing that the fees could have been avoided. (ECF No. 20 at 1.) Plaintiff further argues the Court should refuse to award or should reduce costs based on equitable considerations, such as the fact that the matter involved complex legal issues or the fact that Plaintiff faces substantial exposure in the underlying personal injury case. (*Id.* at 1–2.)

Plaintiff fails to persuade the Court a reduction is warranted. As to Plaintiff's argument regarding the state court filing fees, as far as the Court can discern, Plaintiff appears to argue that Defendant gratuitously filed notice of removal in state court and incurred unnecessary filing fees. However, Defendant was required to notify state court to properly effect removal. *See* 28 U.S.C. § 1446(d) ("[p]romptly after filing . . . notice of removal of a civil action[,] the defendant . . . *shall file a copy of the notice with the clerk of such State court*, which shall effect the removal") (emphasis added). Further, Defendant's equitable showing is insufficient to overcome the baseline entitlement to costs.

Accordingly, Defendants' Bill of Costs is GRANTED.

### IV.    CONCLUSION

For the aforementioned reasons, Defendants' Bill of Costs (ECF No. 19) is GRANTED in the amount of $868.45.

IT IS SO ORDERED.

Date: July 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE